**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                     **Case No. 09-40072-01-RDR**

WILLIAM RYAN OWINGS,

        Defendant.

**O R D E R**

This case is before the court upon defendant's unopposed motion for additional time to file pretrial motions. Defendant has previously received a 31-day extension of time to file pretrial motions. Defendant is detained pending trial. He is facing drug and firearm charges.

Defense counsel asserts that an offer has been made by the government which will likely result in the "non-trial resolution of this case." However, defense counsel has not been able to convey this offer to the defendant in a meaningful manner until recently. Defendant asks for an additional 14 days to file pretrial motions. The gist of defendant's motion appears to be that this extra time will permit defendant and his counsel to adequately consider and make a decision upon an offer which may lead to a guilty plea and thus save the parties, the court and the public the time and expense associated with a trial, including the time and expense associated with pretrial motions.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others": 1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case. However, the court finds that the denial of the requested continuance may deny counsel and defendant the time necessary to adequately consider a plea agreement prior to engaging in the time and expense of filing pretrial motions, taking into account the exercise of due diligence. The court finds that the continuance is in the interests of the public and the parties because it may save

time and money and facilitate a fair, just and efficient resolution of this matter. The court further finds that defendant was incarcerated upon state charges when he was arrested for this case and that he has waived a detention hearing. He is not a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and defendant shall be granted time until January 21, 2011 to file pretrial motions. The government shall have time until January 28, 2011 to respond to the motions. A hearing upon any motions filed shall be scheduled for February 8, 2011 at 10:00 a.m.

**IT IS SO ORDERED.**

Dated this 13th day of January, 2011 at Topeka, Kansas.

                                        s/Richard D. Rogers
                                        United States District Judge